## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

The Bank Of New York Mellon Fka
The Bank Of New York, as Trustee For The
Certificateholders Of The CWALT, Inc.,
Alternative Loan Trust 2006-OA10 Mortgage
Pass-Through Certificates, Series 2006-OA10

v.

Mark D. Mazza and Lisa A. Mazza

No. 17-CV-05453

### ORDER

And now this ____ day of _____, 2018, it is ORDERED and DECREED the Motion to Remand to state court of Bank of New York Mellon, et.al. is hereby denied.

BY THE COURT:

_____
Petrese B. Tucker, J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

The Bank Of New York Mellon Fka
The Bank Of New York, as Trustee For The
Certificateholders Of The CWALT, Inc.,
Alternative Loan Trust 2006-0A10 Mortgage
Pass-Through Certificates, Series 2006-0A10

v.

Mark D. Mazza and Lisa A. Mazza

No. 17-CV-05453

## ORDER

And now this ___ day of _____, 2018, it is ORDERED and DECREED the Motion to Remand to state court of Bank of New York Mellon, et.al. is dismissed.

BY THE COURT:

_____
Petrese B. Tucker, J.

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

The Bank Of New York Mellon Fka
The Bank Of New York, as Trustee For The
Certificateholders Of The CWALT, Inc.,
Alternative Loan Trust 2006-0A10 Mortgage
Pass-Through Certificates, Series 2006-0A10

v.

Mark D. Mazza and Lisa A. Mazza

No. 17-CV-05453

### ANSWER OF MARK MAZZA AND LISA MAZZA TO MOTION TO REMAND TO STATE COURT

Respondents request the motion to remand be denied and dismissed as premature, untimely, and without good and proper cause. Respondents filed a timely notice of removal. Movant thereafter did not file a motion to remand within 30 days of the filing of the notice of removal. At no time during the appeal process did movant file for dismissal or file a motion to remand. The movant's brief filed in the Third Circuit Court of Appeals failed to make any claim and/or reference to a basis for remand pursuant to 28 U. S. C. 1441(b). The appellate court issued a opinion on July 23,2108 remanding to the district court since the district court did not identify the source of it's authority to sua sponte dismiss a removed action for lack of state court service; and remanded due to the district court not providing respondents with notice of possible dismissal and an opportunity to be heard. (Exhibit A -page 4 ) The instant motion fails to specify why the matter was remanded, only stating it was remanded for further proceedings. It was not until August 17, 2018 that movant filed this motion to remand, 25 days after the appellate opinion/judgment was entered. Movant failed to file a motion to remand after the appeal was filed. Movant did not file for remand after the notice of removal was filed prior to the appeal.

Respondents contend movants motion is untimely as it was not filed within 30 days of the filing of the notice of removal and claim this resulted in waiver to seek relief to remand to state court. As movant did not file for remand or dismissal based on the forum defendant rule during the appellate stage ( approximately 7 months) it is averred the instant motion is untimely and the motion should be denied on this basis. It is contended movant waived all rights to remand.

The appellate court remanded with issues that must be addressed by the District court Judge first pursuant to Page 4 of the appellate court opinion. On this basis alone the motion to remand should be dismissed or denied as premature and untimely.

The sole basis for movants motion to remand is based on 28 U.S.C. 1441(b). While preserving respondents objections and arguments on remand as above noted. respondents contend the code or statute requirements have not been met to warrant remand of this case. Respondents have yet to be provided with service of process ,and respondents re assert movant is out of time to object in any way to the notice of removal and suggests the above code section is inapplicable as a basis for movant's motion. It is averred the forum defendant rule does not apply in this matter as respondents removed the action prior to service of process. The removal prior to service of process is permitted pursuant to the Federal Courts Jurisdiction and Venue Clarification Act of 2011.

The forum defendant rule is not jurisdictional and can be waived as occurred herein since movant did not seek remand within 30 days of the filing of the notice of removal. The motion to remand was filed almost 7 months after the notice of removal was filed . Failure to file motion to remand was procedural, and untimely filing is a waiver to seek remand. A timely motion is required to remand on the forum defendant rule. Waiver of remand in Compare Farm Construction Services v. Fudge 831 F. 2d. 18(1st Cir. 1987); Hurt v. Dow Chemical Co. 963 F. 2d 1142(8th Cir.1992)

In Korea Exchange Bank v. Trackwise Sales Corp. 66 F 3d 46(3rd Cir. 1995) the court found remand is waivable so long as a motion to remand is not filed within 30 days of the notice of removal filing. Where there is diversity of citizenship and amount in controversy is met the case could have been originally filed in federal court. Movant has not raised any arguments the instant matter fails to satisfy these 2 elements. Removal by a forum defendant is not a jurisdictional defect under Supreme court precedent. The 30 day time limit applies to a motion seeking remand and any action taken by a court. In Korea Exchange Bank supra, the remand order was untimely since the order was entered 30 days after removal. A defect in removal procedure including claim of the forum defendant rule can be waived.

In Grubbs v. General Electric Credit Corp. 405 U.S. 699 (1972) the Supreme Court reversed a remand since the federal court had original jurisdiction meeting the requirements of jurisdiction over the parties and amount in controversy pursuant to 28 U.S.C. 1332. See also Mackey v. Uinta Dev. Co. 229 U.S. (1913) that where there is a waivable defect in removal jurisdiction is proper in federal court. See also Thermtron Products v. Hermendorfer 423 U.S. 336(1976).finding failure of a party to seek remand is a procedural defect which a party can waive the right to seek remand. In Albritton Communications Co.v. NLRB 766 F. 2d812(3rd Cir. 1985) Citing Grubbs supra, the issue of waiver needs to be considered with whether the court had original jurisdiction over the case if it had originally been filed in federal court. . cert. denied . 474 U.S. 1081(1986).

Despite respondents appeal filing on December 26, 2017 movant failed to file for remand within 30 days as required by 28 U.S.C. 1447(c). Movant failed to file for remand within the prescribed time on the forum defendant rule so the objection is lost. Blackburn v. United Parcel Service, Inc., 179 F. 3d 81 (3rd Cir. 1999) (deciding a motion to remand was untimely on forum defendant rules resulting in waiver. Foulke v. Dugan, 148 F. Supp. 2d 552 (E.D. Pa. 2001). Respondents contend movant waived claims of defect in the removal process

wtih application of relevant factors set forth in Essington Metal Works, Inc. v. Retirement Plans of Am. Inc., 609 F. Supp. 1546 (E.D. Pa. 1985).

Forum defendant rule is not jurisdictional as found by other appellate courts . See In re Shell Oil Co. 932 F. 2d. 1518(5th Cir. 1991),cert .Denied. 502 U. S. 1049(1992);Hartford Accident and Indemnity Co. v. Costa Lines Congo Services Inc. 903 F. 2d 352 (5th Cir. 1990), Farm Construction Services Inc. ,supra., Woodward v. D.V. Overmyer 428 F. 2d 880 (2nd Cir. 1970) ,cert denied 400 U. S. 993 (1971), Handley Mack Co. v. Gadchaux Sugar Co. 2 F 2d . 435 (^th Cir. 1924). and Bregman v. Alderman 955 F 2d 660 911th Cir. 1992) . See In Re Shell Oil Co. supra, reconfirming that a motion to remand is required to be filed within 30 days after filing of the notice of removal. In the instant matter, movant's motion to remand is untimely and should be denied.

**CONCLUSION**

It is averred any alleged defects in removal procedure have been waived by movant. No motions were filed nor issues raised by movant regarding the forum defendant rule at the district court and appellate court levels. It is contended this resulted in a waiver for remand on the forum defendant rule due to untimeliness, and the motion is premature contrary to the appellate courts remand directives. Respondents request the motion be denied and/or dismissed. 28 U.S.C. 144(b) does not apply as respondents have not been properly served. It is requested the Court schedule a hearing for this matter.

Respectfully submitted,

*[signature]*
Mark D. Mazza, Pro Se

*[signature]*
Lisa A. Mazza, Pro Se

Dated: 8/31/18

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Answer to Motion to Remand to State Court was served on the following by first class regular mail on the date listed below.

Joseph Foley, Esquire
McCabe, Weisberg, Conway
123 S. Broad Street
Suite 1400
Philadelphia, PA  19109


_____
Mark D. Mazza, Pro Se

_____
Lisa A. Mazza, Pro Se

Dated: 8/31/18

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 17-3819

BANK OF NEW YORK MELLON, FKA Bank of
New York, As Trustee for the Certificate holders of the
CWALT, Inc., Alternative Loan Trust 2006-0A10
Mortgage Pass-Through Certificates Series 2006-0A10

v.

MARK D. MAZZA; LISA A. MAZZA,
                                    Appellants

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-17-cv-05453)
District Judge: Honorable Petrese B. Tucker

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 20, 2018
Before: VANASKIE, COWEN, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: July 23, 2018)

OPINION*

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Exhibit "A"

Mark and Lisa Mazza appeal from the order of the District Court dismissing this action. We will vacate and remand for further proceedings.

I.

The Mazzas are the defendants in this action, which they removed from Pennsylvania state court. The Mazzas asserted in their notice of removal that the plaintiff, Bank of New York Mellon ("the Bank"), had not yet served them with process or its complaint. They claimed, however, that removal was proper under 28 U.S.C. § 1441(a) on the basis of diversity jurisdiction. In that regard, the Mazzas asserted that they are citizens of Pennsylvania and that the Bank is a citizen of Colorado. The Mazzas also sought leave to proceed in forma pauperis ("IFP").

The District Court, in a one-page order, granted their IFP application, sua sponte dismissed the action, and directed its Clerk to close the case. The District Court's sole explanation for dismissal was its statement that "[t]his case is DISMISSED as premature because the Mazzas filed a notice to remove this case before they had been served." The Mazzas appeal.

II.

The District Court's order is a final order over which we generally would have jurisdiction under 28 U.S.C. § 1291 because it dismissed this action without provision for reinstatement. The Bank, however, argues that we lack jurisdiction because, with exceptions not relevant here, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). Although the District Court's order "dismissed" the notice of removal instead of

2

"remanding" the matter to state court, the Bank argues that this provision applies because the District Court's order is the functional equivalent of a remand order. The Bank has not cited any authority in support of that argument, and we have located none.

Even if § 1447(d) applies, however, it does not bar review under the circumstances presented here. Section 1447(d) bars review only of remands that are authorized by 28 U.S.C. § 1447(c). See In re FMC Corp. Packaging Sys. Div., 208 F.3d 445, 448 (3d Cir. 2000). Section 1447(c), in turn, authorizes two kinds of remands—remands for lack of subject matter jurisdiction, and remands for any other defect on the basis of a motion filed within 30 days after the filing of the notice of removal. See id. 448 & n.4; 28 U.S.C. § 1447(c).

In this case, the District Court did not dismiss the Mazzas' notice of removal for lack of subject-matter jurisdiction.[1] Nor did the District Court dismiss the notice of removal on the basis of a party's motion. The Bank nevertheless argues that the District Court's order was authorized by § 1447(c) because the District Court dismissed the notice of removal sua sponte within 30 days of the filing of the notice of removal. We have squarely held, however, that § 1447(c) does not authorize a District Court to remand a matter sua sponte for any reason other than lack of subject-matter jurisdiction. See In re FMC Corp. Packaging Sys. Div., 208 F.3d at 451. We have further held that § 1447(d)

---

[1] The Mazzas asserted that the District Court had diversity jurisdiction. The District Court did not conclude otherwise, and the Bank does not argue on appeal that the District Court lacked diversity jurisdiction. We express no opinion on that issue.

3

does not bar review of such orders for the same reason. See id. Thus, § 1447(d) does not bar review of the District Court's order, and we have jurisdiction under § 1291.

III.

We will vacate and remand. The District Court did not identify the source of its authority to sua sponte dismiss a removed action for lack of state-court service, and none is readily apparent to us. Cf. In re FMC Corp. Packaging Sys. Div., 208 F.3d at 451 (holding that District Courts may not sua sponte remand cases for reasons other than lack of subject matter jurisdiction); 28 U.S.C. § 1915(e)(2) (authorizing sua sponte dismissal of IFP actions under enumerated circumstances). The District Court also did not give the Mazzas notice of possible dismissal and an opportunity to respond. As we have held in a number of contexts, District Courts generally must do so before dismissing an action sua sponte. See, e.g., Briscoe v. Klaus, 538 F.3d 252, 258 (3d Cir. 2008); Huber v. Taylor, 532 F.3d 237, 249 (3d Cir. 2008); United States v. Bendolph, 409 F.3d 155, 166-67 (3d Cir. 2005) (en banc).

As for the merits, the Mazzas argue that defendants may remove actions to federal court before being served with process. We do not appear to have addressed that issue, and we decline to do so in the first instance in this case. It appears, however, that every Court of Appeals to have addressed the issue has concluded that defendants in state-court actions may indeed remove them before being served with process. See Novak v. Bank of N.Y. Mellon Tr. Co., 783 F.3d 910, 914 (1st Cir. 2015) (per curiam) (collecting cases, including La Russo v. St. George's Univ. Sch. of Med., 747 F.3d 90, 97 (2d Cir. 2014),

4

and Delgado v. Shell Oil Co., 231 F.3d 165, 177 (5th Cir. 2000)); see also 28 U.S.C. § 1448 (governing service of process after removal).

The issue of pre-service removal in this case has an added wrinkle. The Mazzas assert that they are Pennsylvania residents, and they seek to remove an action filed in Pennsylvania, so their notice of removal implicates the "forum defendant" rule of 28 U.S.C. § 1441(b)(2). Under that rule, an action that is otherwise removable "may not be removed [on the basis of diversity jurisdiction] if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Id. (emphasis added). Thus, this case potentially presents the question whether a forum defendant can avoid the forum defendant rule---which applies by its terms to defendants who have been "served"---by removing an action before service of process.

It does not appear that any Court of Appeals has decided this issue and, as some of them have noted, it has divided the District Courts. See Novak, 783 F.3d at 911 n.1; Goodwin v. Reynolds, 757 F.3d 1216, 1221 & n.13 (11th Cir. 2014). This issue has divided District Courts and District Judges in this Circuit as well. See, e.g., Swindell-Filiaggi v. CSX Corp., 922 F. Supp. 2d 514, 518-19 (E.D. Pa. Civ. 2013) (summarizing different approaches to this issue). We will not address this issue in this case because it has not been developed in the District Court or on appeal. Instead, we leave it to the District Court to address such issues as may prove relevant on remand.

Finally, the Bank argues that we should affirm on the alternate ground that the Mazzas failed to attach to their notice of removal "a copy of all process . . . served upon" the Mazzas as required by 28 U.S.C. § 1446(a). We decline to do so. As explained

5

above, the Mazzas asserted, and the District Court agreed, that they filed their notice of removal <u>before</u> service of process. We leave it to the District Court to address if necessary and in the first instance whether and how § 1446(a) applies in this situation.

IV.

For these reasons, we will vacate the judgment of the District Court and remand for further proceedings. The Mazzas' motion for leave to file a reply brief out of time is denied.