IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THE BANK OF NEW YORK MELLON,   :      CIVIL ACTION
                               :      NO. 17-5453
              v.               :
                               :
MARK MAZZA, et al.,            :
                               :


M E M O R A N D U M

EDUARDO C. ROBRENO, J.                    SEPTEMBER 21, 2022

     Before the Court are two related cases that both involve

Mark and Lisa Mazza (the "Mazzas"), proceeding pro se, and The

Bank of New York Mellon ("BNYM"). The first action (17-5453

("the ejectment action")), which was recently transferred by the

Chief Judge from Judge Tucker's docket to this Court, is an

action for ejectment under Pennsylvania law brought by BNYM

against the Mazzas. The second action (20-3253 ("the fraud

action")), originally assigned to this Court, is brought by the

Mazzas against BNYM, Bank of America, N.A. ("BANA"), MERSCORP,

Inc. ("MERS"), and Specialized Loan Servicing LLP ("SLS").

     As an initial matter, the Court will address the Mazzas'

motions for recusal in both cases, motion for reassignment back

to Judge Tucker, and motion to vacate the reassignment.

I.   **BACKGROUND**

     BNYM initially filed the ejectment action in the Chester

County Court of Common Pleas against the Mazzas. The Mazzas,

proceeding pro se and in forma pauperis, removed the action to the Eastern District of Pennsylvania on the grounds that the parties are of diverse citizenship and the amount in controversy exceeds $75,000.[1] After being ordered to answer the complaint, the Mazzas filed their answer and brought counterclaims against BNYM. The counterclaims appear to allege that the foreclosure judgment was obtained through fraud and that BNYM violated "securitization and trust rules" and "principal and agency rules." See Answer & Counterclaim (17-5453), ECF No. 23.

On March 30, 2022, Judge Tucker dismissed the Mazzas' counterclaims with prejudice. See Order (17-5453), ECF No. 30. Judge Tucker concluded that the counterclaims were unsupported by any facts and were precluded by the Rooker-Feldman doctrine because they sought "impermissible review of [the] state court foreclosure judgment." Id. at 5.

The Mazzas appealed Judge Tucker's dismissal of their counterclaims. According to the Third Circuit docket (No. 22-1856), the Clerks' Office filed a letter notifying the parties that the appeal will be submitted to a panel for possible dismissal due to a jurisdictional defect. The letter was filed

---

[1]     Judge Tucker initially dismissed the action as premature, given that the Mazzas removed the case before they were served with the complaint of the state court action. The Mazzas appealed the decision and the Third Circuit vacated the dismissal and remanded the case.

on May 6, 2022. The Mazzas responded on September 7, 2022 after requesting several extensions for time to respond.

On July 22, 2022 and due to Judge Tucker's assumption of inactive status, all of her cases were reassigned by the Chief Judge to other judges of the court, including the instant case. Three days later after the case was reassigned to this Court, the Court ordered the parties to each submit a status report by August 5, 2022. See Order, ECF No. 35. BNYM submitted an updated status report but the Mazzas did not.

In the later-filed fraud action, originally assigned to this Court, the Mazzas alleged a number of state and federal claims related to the execution and allegedly fraudulent subsequent assignments of the mortgage. In ruling on the Defendants' motion to dismiss, the Court dismissed all claims of the complaint and allowed leave to amend. After an unsuccessful appeal of the Court's motion to dismiss by the Mazzas, the Court ordered the Mazzas to either file an amended complaint or issue a statement that they planned to stand on their original complaint. After being granted a three-week extension of the deadline, the Mazzas failed to file their amended complaint by the deadline, and bank Defendants sent letters to the Court requesting the case be dismissed with prejudice. In response, this Court issued a Rule to Show Cause why the case should not be dismissed based on the factors set forth in Poulis v. State

<u>Farm Fire & Cas. Co.</u>, 747 F.2d 863 (3d Cir. 1984). The parties'
arguments on this issue are under advisement.

## II.   PENDING MOTIONS

### A. Motions for Recusal

On August 15, 2022, the Mazzas filed a motion for
recusal/disqualification pursuant to 28 U.S.C. §§ 144, 455 in
the later-filed fraud action. Pl's Mot. for
Recusal/Disqualification (20-cv-3235), ECF No. 58. On September
18, 2022, the Mazzas filed a nearly identical and similarly
styled motion in the earlier filed ejectment action. Def's Mot.
for Recusal/Disqualification (17-cv-5433), ECF No. 39. They
argue in both motions that this Court is biased and prejudiced
against Plaintiffs because of the disclosure by defense counsel
that Mark Mazza is a former attorney.[2]

Section 144 states as follows:

Whenever a party to any proceeding in a district court
makes and files a timely and sufficient affidavit that
the judge before whom the matter is pending has a
personal bias or prejudice either against him or in favor
of any adverse party, such judge shall proceed no further
therein, but another judge shall be assigned to hear
such proceeding.

The affidavit shall state the facts and the reasons for
the belief that bias or prejudice exists, and shall be
filed not less than ten days before the beginning of the
term at which the proceeding is to be heard, or good
cause shall be shown for failure to file it within such
time. A party may file only one such affidavit in any

---

[2]     Any state disciplinary decision resulting in an adverse decision
against Mr. Mazza is a matter of public record, and in any event is
irrelevant to this case.

case. It shall be accompanied by a certificate of counsel
of record stating that it is made in good faith.

28 U.S.C. § 144. Similarly, under 28 U.S.C. § 455, "[a]ny

justice, judge, or magistrate judge of the United States shall

disqualify himself in any proceeding in which his impartiality

might reasonably be questioned." 28 U.S.C. § 455(a).

While there are certain differences between the application

of the two statutory sections,[3] the test for recusal or

disqualification under both statutes is essentially the same for

the purposes of the present motion. Under both statutes, a court

must ask "whether a reasonable person, with knowledge of all the

facts, would conclude that the judge's impartiality might

reasonably be questioned." In re Kensington Intern. Ltd., 368

F.3d 289, 301 (3d Cir. 2004) (citing Alexander v. Primerica

Holdings, Inc., 10 F.3d 155, 164 (3d Cir. 1993) (applying §

455)); see also United States v. Rosenberg, 806 F.2d 1169, 1173

(3d Cir. 1986) ("Recusal motions pursuant to [section 144] must

---

[3]     In a 2002 article, the Federal Judicial Center stated the differences
between the two statutes as follows:

> While section 455 substantially overlaps and subsumes section 144,
> there are some important differences. First, section 144 aims
> exclusively at actual bias or prejudice, whereas section 455 deals
> not only with actual bias as well as other specific conflicts of
> interest, but also with the appearance of partiality. Second,
> section 144 is triggered by a party's affidavit, whereas section
> 455 not only may be invoked by motion but also requires judges to
> recuse sua sponte where appropriate. Third, section 144 applies
> only to district judges while section 455 covers "any justice,
> judge, or magistrate of the United States.

Federal Judicial Center, Recusal: Analysis of Case Law Under 28 U.S.C. §§
455 & 144 1 (2002).

. . . include an affidavit stating material facts with particularity which, if true, would lead a reasonable person to the conclusion that the district judge harbored a special bias or prejudice towards [the moving party]." (citation omitted)).

For the purpose of both statutes, "the alleged bias or prejudice must stem from an **extrajudicial source** rather than from facts which the judge has learned from his participation in the case." Rosenberg, 806 F.2d at 1173 (citing United States v. Grinell Corp., 384 U.S. 563, 583 (1966)) (emphasis added); see also Liteky v. United States, 510 U.S. 540, 554 (1994). Thus, to establish bias or partiality, "a movant must show that a judge displays a deep-seated favoritism or antagonism that would make fair judgment impossible." Reynolds v. Martinez, 351 F. App'x 585, 586 (3d Cir. 2009) (citing Liteky, 510 U.S. at 555). Likewise, "[a] litigant's mere dissatisfaction . . . does not form an adequate basis for recusal." Id. (citing Securacomm Consulting, Inc. v. Securacom, Inc., 224 F.3d 273, 278 (3d Cir. 2000).

Moreover, "the mere filing of an affidavit of bias pursuant to 28 U.S.C. § 144 does not require a trial judge to disqualify himself from a particular case." United States v. Dansker, 537 F.2d 40, 53 (3d Cir. 1976) (citing Behr v. Mine Safety Appliances Co., 233 F.2d 371 (3d Cir. 1956)). The judge has a duty to preside if the affidavit submitted is legally

insufficient to compel his disqualification, and instead, "need only recuse himself if he determines that the facts in the affidavit, taken as true, are such that they would convince a reasonable man that he harbored a personal, as opposed to a judicial, bias against the movant." Id. (citing US v. Thompson, 483 F.2d 527 (3d Cir. 1973).

Both sections also require that a motion for disqualification or recusal be timely brought. While courts have generally not specified an exact time limit, they are in agreement that a party that has information that could potentially warrant recusal cannot wait until after an unfavorable judgment to bring the motion. See, e.g., In re IBM Corp., 45 F.3d 641, 643 (2d Cir. 1995); In re Kensington Intern. Ltd., 368 F.3d at 301 ("The reason most often given for applying a timeliness requirement is that '[t]he judicial process can hardly tolerate the practice of a litigant with knowledge of circumstances suggesting possible bias or prejudice holding back, while calling upon the court for hopefully favorable rulings, and then seeking recusal when they are not forthcoming.'" (quoting Smith v. Danyo, 585 F.2d 83, 86 (3d Cir. 1978)).

The first motion, filed on August 15, 2022 in the fraud action, states that during a conference call before this Court (it does not specify which call, but the only conference in this

case occurred on February 8, 2021), counsel for BNMY informed
the Court of Mark Mazza's former attorney status. The Mazzas
claim that this statement was made with the purpose of impugning
the Mazzas' credibility. They further speculate that after
learning of Mark Mazza's status as a former attorney, "there is
a high likelihood the trial judge undertook independent action
separate from the conference to discern background information
regarding the former attorney status." Pl's Mot. for
Recusal/Disqualification (20-cv-3235), ECF No. 58 at 5.

The second motion, filed September 18, 2022 in the
ejectment action, alleges that the Court has a personal bias
against Mark Mazza because of his status as a former attorney
and "due to other disclosures from external sources or
extrajudicial component supporting personal bias and prejudice."
Def's Mot. for Recusal/Disqualification (17-cv-5433), ECF No. 39
at 3. Other than referencing the same uncited conference call as
the first motion, stating that BNYM's counsel brought up Mazza's
status as a former attorney to provide information to the judge
to impugn his reputation and credibility, the Mazzas point to no
other basis that would warrant recusal.

Both of the Mazzas' motions for recusal are baseless and
untimely. First, the Mazzas fail to demonstrate that the Court's
knowledge of Mark Mazza's former attorney status or any
disciplinary proceedings would cause this Court to hold an

actual bias or prejudice against Mr. Mazza or that a reasonable person might question the Court's impartiality. This information is irrelevant to the merits of the case. The information is also public and therefore is available to any court considering the case. In any event, the former status of Mr. Mazza as an attorney was disclosed during the instant proceeding and thus is not an extrajudicial source.

Second, the motion was not timely brought. The Mazzas aver that the Court learned the information in question in a conference on February 8, 2021, over eighteen months prior to the filing of the motion. Eight days after the conference, the Court dismissed the Mazzas' claims. Since that time the Mazzas have made multiple filings in the case, including an appeal, multiple motions requesting an extension of deadlines, and an amended complaint, all without mention of any potential grounds for recusal.[4] Apparently, the Mazzas only moved for recusal/disqualification after an unfavorable ruling and multiple other petitions to the Court.[5]

---

[4] At the hearing on these motions on September 21, 2022, Mr. Mazza was offered electronic filing access, but he declined.

[5]    On February 16, 2021, this Court issued an order dismissing Plaintiff Sophia Mazza and granting Defendants Motion to Dismiss, discharging six counts with prejudice. See Order, ECF No. 32. On March 18, 2021, the Mazzas filed a notice of appeal of the February 16 Order. See Pl's Notice of Appeal, ECF No. 37. On November 10, 2021, the Third Circuit dismissed the Mazzas' appeal of the motion to dismiss order for lack of jurisdiction. See USCA Order, ECF No. 44.  Then, on July 11, 2022, this Court issued an order requiring Plaintiffs to show cause after the Mazzas filed their amended complaint after the original deadline and after the extension they requested. See Order, ECF No. 51.

In summary, the motions are untimely. And because the affidavit filed under § 144 is insufficient, the Court has a duty to preside over this case. Under either § 144 or § 455, no reasonable person knowing all the facts would conclude that this Court's impartiality might reasonably be questioned.

## B.    Motion for Reassignment

The Mazzas filed a motion for reassignment in the earlier ejectment action, which seeks an order reassigning the case back to Judge Tucker. See Def's Mot. for Reassignment (17-cv-5453), ECF No. 37. The motion argues that the order of reassignment improperly based the reassignment from Judge Tucker on Local Rule 40.1(c)(2), which governs the reassignment of related cases whose relationship does not become known until after they are first assigned. Rule 40.1(c)(2) states that a judge receiving the later-filed case who discovers the relationship to the other case should notify the Chief Judge, who will determine whether they are actually related and, if they are, will transfer the later-filed case to the judge who was assigned the earlier-filed case. The Mazzas argue that, because here the earlier-filed case was transferred to this Court to be with the later-filed case (the opposite of Rule 40.1(c)(2)), Rule 40.1(c)(2) is inapposite.

Even assuming that the Mazzas are correct that the reassignment does not strictly comply with Rule 40.1(c)(2),

10

there is no good cause to vacate the order. The Third Circuit has held that "a district court can depart from the strictures of its own local procedures where (1) it has a sound rationale for doing so, and (2) so doing does not unfairly prejudice a party who has relied on the local rule to his detriment." US v. Eleven Vehicles, 200 F.3d 203, 215 (3d Cir. 2000).

Here, the rationale for the reassignment of the case was prompted by Judge Tucker's assumption of inactive status which created the need to reassign all of her cases. In fact, that the Chief Judge transferred the instant case to this Court is consistent with the purpose of the local rule—i.e., to keep related cases before the same judge. In any event, there is no evidence reflecting that the Mazzas will be unfairly prejudiced by this reassignment or that they relied on the local rule to their detriment.

## C.   Motion to Vacate

Also on August 26, 2022 in the earlier foreclosure action, the Mazzas filed a motion to vacate this Court's July 22, 2022 Order, which reassigned the case from Judge Tucker to Judge Robreno. See Def's Mot. to Vacate (17-5453), ECF No. 38. As noted above, the reassignment of this case to this Court was proper. Thus, the motion to vacate will also be denied.

## III. CONCLUSION

For the reasons set forth above, the motions will be denied.

An appropriate order follows.