IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THE BANK OF NEW YORK MELLON,  :    CIVIL ACTION
                       :    NO. 17-5453
        Plaintiff,    :
                       :
    v.               :
                       :
MARK MAZZA, et al.,      :
                       :
        Defendants.   :


M E M O R A N D U M

EDUARDO C. ROBRENO, J.             May 24, 2023

## I.    INTRODUCTION

Plaintiff, Bank of New York Mellon ("BNYM") brings this ejectment action under Pennsylvania law against Defendants, Mark and Lisa Mazza ("the Mazzas"). There are several motions pending before the Court. First, Plaintiff has filed a motion to summary judgment/motion to dismiss the Defendants' counter claims with prejudice.[1] See Pl.'s Mot. for Summ. J. ("Pl.'s Mot."), ECF No.

---

[1] After these issues were ripe for decision and the day before a hearing scheduled before the Court, Mark Mazza filed for bankruptcy, resulting in a stay of this action against him. See In re Mark D. Mazza, 22-bk-13245 (E.D. Pa. Bankr.). Following additional delays resulting from Mr. Mazza's motion practice and failure to meet bankruptcy court deadlines, the bankruptcy court granted BNYM's motion for relief from the bankruptcy stay. See Order Granting Relief from Stay, 22-bk-13245 ECF No. 55 (E.D. Pa. Bankr. May 17, 2023). The Order provides:

Debtor shall be bound by this Order in any conversion of the instant bankruptcy case or in any subsequently filed bankruptcy case. Any future Automatic Stays issued

49.[2] The Mazzas timely filed a response. See Defs.' Resp. to
Pl.'s Mot. for Summ. J. ("Defs.' Resp."), ECF No. 57. BNYM filed
a reply brief on December 4, 2022. See Pl.'s Reply in Support of
Pl.'s Mot. ("Pl.'s Rep."), ECF No. 60.

The Mazzas have filed a Motion for Extension of Time to
Respond to Plaintiff's Motion for Summary Judgment (ECF No. 52)[3],

_____

> relating to the interest in the subject property of
> Movant shall be null and void and will not prevent the
> foreclosure of the Mortgaged Premises from proceeding
> and from being valid in all respects, and Movant shall
> not be required to obtain relief from any automatic stay
> that would otherwise be imposed by the filing of any
> subsequent case.

Id. Mr. Mazza has filed a notice of appeal of the bankruptcy
order lifting the stay, but the stay is no longer in place. See
Notice of Appeal, 22-bk-13245 (E.D. Pa. Bankr. May 18, 2023),
ECF No. 58.

[2] In their response, the Mazzas argue that BNYM's motion was
filed out of time. This Court conducted an in-person hearing in
this case and a related case on September 21, 2022, and at that
time, the Court inquired of BNYM's counsel when he would have a
motion for summary judgment ready for filing. BNYM's counsel
replied that he would be ready to file a motion for summary
judgment in fifteen days. However, this was not incorporated
into a scheduling order. When BNYM's counsel did not file a
motion within that time, the Court then issued a scheduling
order. See Order, ECF No. 48. BNYM filed its motion the day the
scheduling order was issued. The Mazzas accuse the Court and
BNYM's counsel of partaking in "ex parte communications" because
the timing of the filing was "suspicious." This accusation is
unsupported, and it cannot be supported because it is false.
BNYM's motion was timely filed and will be considered on the
merits. The Mazzas have filed a response to the motion.

[3] BNYM has responded in opposition to the Mazzas' Motion for an
Extension of Time. See Pl.'s Resp. to Defs.' Mot. for Ext., ECF
No. 58. However, because the Mazzas filed a timely response to
the motion for summary judgment, this motion is moot.

a Motion for Discovery (ECF No. 54), and a Motion to Vacate the Court's October 28, 2022 Order (ECF No. 55). Additionally, the Mazzas have filed a Third Amended Answer with no briefing or explanation. See Amended Answer ("Third Answer"), ECF No. 53.

## I.   BACKGROUND

On June 12, 2012, BNYM filed an action against the Mazzas in the Court of Common Pleas of Chester County, Pennsylvania to foreclose on a mortgage running in its favor and encumbering the property then-owned by the Mazzas: 1271 Farm Road, Berwyn, PA 19312 (the "Property"). After two and a half years of litigation and a one-day bench trial, BNYM secured a judgement in its favor on January 23, 2015. Following several post-trial motions filed by the Mazzas, the court entered judgment in foreclosure in the amount of $1,085,000.00. The Mazzas then filed an unsuccessful appeal, and BNYM's judgment was reassessed at $1,501,572.00 after the case was returned to the trial court. The Mazzas then filed additional post-trial motions and initiated another appeal, including an unsuccessful petition to the Pennsylvania Supreme Court. A writ of execution in favor of BNYM was issued in November 2016.

The Mazzas opposed BNYM's attempts to schedule a sheriff's sale. However, on June 15, 2017, a sheriff's sale was conducted, and BNYM acquired title to the Property via its own writ at the sale. The sheriff's deed was delivered to BNYM on August 8, 2017

and recorded on August 11, 2017. The Mazzas filed more motions challenging the sale along with an appeal. Ultimately, the Mazzas' challenges were unsuccessful and the case was returned to the Court of Common Pleas two years later in 2019.[4]

While the Mazzas continued to challenge the sheriff's sale, BNYM filed its complaint in ejectment in the Court of Common Pleas of Chester County on August 25, 2017. Before BNYM had served the Mazzas with the complaint (BNYM avers this was due to the Mazzas intentionally avoiding service), the Mazzas removed the ejectment action to the United States District Court for the Eastern District of Pennsylvania. The case was originally assigned to Judge Petrese B. Tucker.[5] After Judge Tucker granted BNYM's motion for additional time to serve Defendants by special service, the ejectment complaint was served on the Mazzas on June 29, 2020. The Mazzas filed a motion to dismiss, and Judge Tucker denied that motion in an Order dated April 8, 2021. See Defs.' Mot. to Dismiss, ECF No. 21; see Order Denying Defs.' Mot. to Dismiss, ECF No. 22. On April 29, 2021, the Mazzas filed

---

[4] The Court of Common Pleas entered an order in September 2017 denying the Mazzas substantive relief and forbidding them from filing further pleadings without prior leave of court. The Superior Court of Pennsylvania rejected the Mazzas' appeal of the sheriff's sale in August 2018, and the Pennsylvania Supreme Court denied the Mazzas' petition for further review.

[5] Judge Tucker went on inactive status, and all of her cases were reassigned to other judges of the Court, including this one on July 22, 2022. See Reassignment Order, ECF No. 34.

an answer with counterclaims to the ejectment complaint. <u>See</u>
Defs.' Answer ("First Answer"), ECF No. 23.

BNYM filed a motion to dismiss the Mazzas' counterclaims,
which was granted by Judge Tucker, who noted that the
counterclaims were a collateral attack on a state foreclosure
judgment over which the Court had no jurisdiction. <u>See</u> Pls.'
Mot. to Dismiss, ECF No. 25; Order Granting Pls.' Mot. to
Dismiss, ECF No. 30 ("Defendants' six counterclaims must be
dismissed for lack of subject matter jurisdiction under the
<u>Rooker-Feldman</u> doctrine because the crux of the counterclaims
are [sic] an attack on the prior state court judgment entered in
the foreclosure action."). The Mazzas unsuccessfully appealed
Judge Tucker's order dismissing their counterclaims.[6]

After the denial of their appeal, the Mazzas filed two
additional amended answers with counterclaims--one on September
19, 2022 ("Second Answer") (ECF No. 40), and one on November 18,
2022 (ECF No. 53)--in addition to a Motion for Extension of Time
to Respond to Plaintiff's Motion for Summary Judgment (ECF No.
52), a Motion for Discovery (ECF No. 54), and a Motion to Vacate
the Court's October 28, 2022 Order (ECF No. 55). BNYM has

---

[6] The appeal was dismissed for lack of appellate jurisdiction.
<u>See</u> Order, No. 22-1856 (3d Cir. Sept. 30, 2022), ECF No. 15. The
Mazzas filed a request for <u>en banc</u> reconsideration which was
also denied. <u>See</u> Order, No. 22-1856 (3d Cir. Nov. 3, 2022), ECF
No. 19.

responded in opposition to the Mazzas' Motion for an Extension
of Time. See Pls.' Resp. to Def's Mot. for Ext., ECF No. 57.

## II.   LEGAL STANDARD

The Court has diversity jurisdiction over the case as
Plaintiff is a citizen of Delaware and New York and Defendants
are citizens of Pennsylvania, and the amount in controversy
exceeds $75,000. See 28 U.S.C. § 1332. The parties agree
Pennsylvania substantive law applies.

### 1. Amended Pleadings

A party may amend its pleading once as a matter of course
within the time provided under the Federal Rules of Civil
Procedure. Fed. R. Civ. P. 15(a)(1). All further amendments
require the other party's consent or leave of the court, which
the Court "should freely give . . . when justice so requires."
Fed. R. Civ. P. 15(a)(2). Of course, Rule 15's liberal standard
for amendment is not boundless. "[A] district court has
discretion to deny a request to amend if it is apparent from the
record that (1) the moving party has demonstrated undue delay,
bad faith or dilatory motives, (2) the amendment would be
futile, or (3) the amendment would prejudice the other party."
Hill v. City of Scranton, 411 F.3d 118, 134 (3d Cir. 2005).
Rule 15(c) of the Federal Rules of Civil Procedure provides in
pertinent part that "[a]n amendment to a pleading related back
to the date of the original pleading when . . . the amendment

asserts a claim or defense that arose out of the conduct,
transaction, or occurrence set out--or attempted to be set out--
in the original pleading. . . ." See Fed. R. Civ. P.
15(c)(1)(B).

### 2. Motion to Dismiss Counterclaims

Federal Rule of Civil Procedure 12(b)(1) provides for the
dismissal of an action for lack of subject matter jurisdiction.
Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion may challenge
jurisdiction based on the face of the complaint or its existence
in fact. See Gould Elecs. Inc. v. United States, 220 F.3d 169,
176 (3d Cir. 2000) (citation omitted). A challenge based on the
face of the complaint--a facial attack--contests the sufficiency
of the pleadings and the court must view factual allegations in
the complaint in the light most favorable to plaintiff.
Constitution Party of Pa. v. Aichele, 757 F.3d 347, 358 (3d Cir.
2014) ("[A] facial attack calls for a district court to apply
the same standard of review it would use in considering a motion
to dismiss under Rule 12(b)(6), i.e., construing the alleged
facts in favor of the nonmoving party."). A challenge based on
the complaint's existence in fact--a factual attack--concerns
"the actual failure of [a plaintiff's] claims to comport
[factually] with the jurisdictional prerequisites." U.S. ex rel.
Atkinson v. Pa. Shipbuilding Co., 473 F.3d 506, 514 (3d Cir.
2007) (quoting U.S. ex rel. Atkinson v. Pa. Shipbuilding Co.,

255 F. Supp. 2d 351, 362 (E.D. Pa. 2002)). A district court may "consider evidence outside the pleadings" in a factual attack. Gould Elecs. Inc., 220 F.3d at 176.

The purpose of a Rule 12(b)(6) motion to dismiss is to test the sufficiency of the pleadings. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotations omitted). The standard requires more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Id.

### 3. Summary Judgment

Summary judgment is appropriate if no genuine dispute as to any material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact." Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986)). A fact is "material" if proof of its existence or nonexistence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could

return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

While the moving party bears the initial burden of showing the absence of a genuine issue of material fact, meeting this obligation shifts the burden to the nonmoving party who must "set forth specific facts showing that there is a genuine issue for trial." Id. at 250 (quoting Fed. R. Civ. P. 56(e) (1963)). Although the Court views the facts in the light most favorable to the nonmoving party, Am. Eagle Outfitters, 584 F.3d at 581, the responsive burden cannot be satisfied by merely repeating unsupported pleading allegations. Santini v. Fuentes, 795 F.3d 410, 416 (3d Cir. 2015) ("If the moving party meets its burden, the burden shifts to the nonmoving party to go beyond the pleadings and come forward with specific facts showing that there is a genuine issue for trial.") (citations and quotations omitted).

## III.  DISCUSSION

### 1. **Amended Pleadings**

BNYM requests that the Mazzas' amended pleadings be stricken pursuant to Rule 15. See Pl.'s Mot. 6 n.6, ECF No. 49. After Judge Tucker denied the Mazzas' motion to dismiss, the Mazzas filed their first answer on April 29, 2021. See First Answer, ECF No. 23. After further litigation, the Mazzas filed

two additional amended answers with counterclaims--one on
September 19, 2022, and one on November 18, 2022. See Second
Answer, ECF No. 40; Third Answer, ECF No. 53. The Mazzas did not
obtain BNYM's consent nor the Court's leave to file their Second
or Third Answers.

The Mazzas aver that their Second Answer was filed in the
Court's after-hour filing box on May 20, 2021. However, the
Mazzas have not provided any proof, such as a file-stamped party
copy, nor have they explained why they waited until September
2022 to address "the original being misplaced or lost." See
Second Answer 1, ECF No. 40. The Mazzas filed their Third Answer
with no explanation or briefing attached, and it includes
additional revisions to the Second Answer. Because the Mazzas
have not shown good cause for why they failed to obtain BNYM's
consent, leave of the Court, or make amendments within the time
allotted under Rule 15(a)(1), their amended answers will be
stricken pursuant to Rule 15.

## 2. **Motion to Dismiss Counterclaims**

In the alternative, BNYM moves to dismiss the counterclaims
contained therein. Because Judge Tucker previously dismissed the
first six of eight counterclaims contained in the amended
pleadings with prejudice, the Court need not readdress them. See
Order Granting Pl.'s Mot. to Dismiss, ECF No. 30. Moreover, the
Mazzas did not address the motion to dismiss in their response

10

in opposition. Accordingly, the motion to dismiss will be granted as unopposed. <u>See</u> Local Rule 7.1(c).

Even assuming the Mazzas had opposed the motion, dismissal of the counterclaims is nonetheless warranted. The additional counterclaims, like counterclaims one through six, will be dismissed with prejudice for lack of jurisdiction.

The <u>Rooker-Feldman</u> doctrine prohibits federal courts "from adjudicating actions in which the relief requested requires determining whether the state court's decision is wrong or voiding the state court's ruling." <u>In re Knapper</u>, 407 F.3d 573, 580 (3d Cir. 2005) (quoting <u>Walker v. Horn</u>, 385 F.3d 321, 329 (3d Cir. 2004)). A valid judgment in mortgage foreclosure can bar a subsequent claim based on the validity of the foreclosed mortgage under the <u>Rooker-Feldman</u> doctrine. <u>Manu v. Nat'l City Bank of Ind.</u>, 471 F. App'x 101, 105 (3d Cir. 2012) ("[Borrower's] allegations that various statutes and rights were violated because the defendants threatened, and followed through with, foreclosure when they had no right to do so is nothing more than an attack on the state court judgment.").

As Judge Tucker stated in the original dismissal order, the "counterclaims must be dismissed for lack of subject matter jurisdiction under the <u>Rooker-Feldman</u> doctrine because the crux of the counterclaims are [sic] an attack on the prior state court judgment entered in the foreclosure action." <u>See</u> Dismissal

11

Order 6 n.i, ECF No. 30. As with the six counterclaims that were already dismissed with prejudice, the Mazzas "are clearly asking this Court to void state court decisions regarding their property interests. This Court has no jurisdiction to do so." Id. (citations omitted).

### 3. **Summary Judgment**

In response to BNYM's motion for summary judgment, the Mazzas fail to raise any issues of fact supported by competent evidence and simply advance arguments based solely on their pleadings. See Defs.' Resp. 6, ECF No. 57 ("Defendants [sic] responsive pleading to this ejectment action sets forth a number of jurisdiction defects or defenses. . . ."); id. at 16-17 ("Defendants . . . avers [sic] they have timely raised affirmative defenses including jurisdictional one's [sic] supporting that the . . . foreclosure judgment and sheriff sale are void."). The responses are insufficient to defeat summary judgment. See Wiest v. Tyco Elecs. Corp., 812 F.3d 319, 330 (3d Cir. 2016) ("While at the motion-to-dismiss stage of proceedings a district court is obligated to accept the allegations in plaintiff's complaint as true, it does not accept mere allegations as true at the summary judgment stage. To the contrary, 'summary judgment is essentially "put up or shut up" time for the non-moving party' who 'must rebut the motion with facts in the record and cannot rest solely on assertions made in

12

the pleadings, legal memoranda, or oral argument.'" (citing Berckeley Inv. Grp., Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2016))).

In a Pennsylvania ejectment action, the burden is on the Plaintiff to demonstrate by a preponderance of the evidence that it is entitled to immediate possession of real property and that defendant is wrongly in possession of said property. Doman v. Brogan, 592 A.2d 104, 108 (Pa. Super. Ct. 1991); Hallman v. Turns, 482 A.2d 1284, 1287 (Pa. Super. Ct. 1984) ("The plaintiff's burden in an action of ejectment is clear: he must establish a right to immediate exclusive possession. In order to recover in an ejectment action, the plaintiff must show title at the commencement of the action and can recover, if at all, only on the strength of his own title, not because of weakness or deficiency of title in the defendant." (citation omitted)).

Beyond demonstrating that a defendant has superior title to that of plaintiff, Hallman, 482 A.2d at 1287, the only other defense recognized in Pennsylvania is proof that the foreclosure is void (not voidable) as a result of a jurisdictional defect preventing the foreclosure court from entering a legal judgment. Dime Sav. Bank, FSB v. Greene, 813 A.2d 893, 895 (Pa. Super. Ct. 2002) ("Where a judgment is void, the sheriff's sale which follows is a nullity. A judgment is void when the court had no jurisdiction over the parties, or the subject matter, or the

13

court had no power or authority to render the particular
judgment."). "It is well-established that the underlying
[foreclosure] judgment and sheriff's sale cannot be attacked in
a collateral proceeding." Fannie Mae v. Ferraro, 10 Pa. D. & C.
5th 260, 264-65 (Pa. Ct. Com. Pl. 2009) (citing Roberts v.
Gibson, 251 A.2d 799, 800 (Pa. Super. Ct. 1969)).

A majority of the Mazzas' answers and defenses concern the
foreclosure action and the sheriff's sale. However, raising
issues concerning the foreclosure action and the sheriff's sale
in defense of BNYM's ejectment complaint does not aid the Mazzas
because this ejectment action is a collateral proceeding, not
one where a party can relitigate adverse decisions in the
foreclosure action. See 1 Source Prop. Serv. LLC v. Snook, 284
A.3d 890 (table), 890 (Pa. Super. Ct. Aug. 3, 2022) (affirming
trial court ruling that defendant's ejectment defense failed
because "[Appellant] again sought to collaterally attack the
judgment and sale in the mortgage foreclosure action"); Taylor
v. Robinson, No. 1970 EDA 2012, 2012 WL 4108760, at *1 (Pa. Ct.
Com. Pl. Aug. 20, 2012), appeal dismissed, No. 1970 EDA 2012,
2013 WL 11283785 (Pa. Super. Ct. Jan. 18, 2013) ("This court's
decision to grant Judgment on the Pleadings should be affirmed
because there were no actual disputes of fact bearing on
[Defendant's] demonstrated right to immediate possession of the
property."); Fed. Nat'l Mortg. Ass'n v. Citiano, 834 A.2d 645,

14

647 (Pa. Super. Ct. 2003), <u>appeal denied</u>, 847 A.2d 1286 (Table)
(Pa. 2004) ("Appellant's argument against summary judgment
hinges on whether the sheriff's sale complied with the notice
requirements of Pa.R.C.P. 3129.3 when the sale was postponed . .
. . This argument invokes a collateral matter to the underlying
ejectment action.").

The Mazzas, without support or detail, allege in the First,
Second, and Third Answer that the foreclosure judgment was void
and that BNYM does hold superior title to the property. However,
the Mazzas will not be able to challenge the state court's
decisions in the foreclosure action nor can they claim that the
recorded sheriff's deed does not result in BNYM possessing
superior title. As the Pennsylvania Superior Court recently
explained while examining the defense of void foreclosure
judgment in a case with similar facts:

> Instantly, the trial court denied Appellant's request
> for a stay of execution, stating: ". . . [Appellant] is
> again focused on the merits of the foreclosure action in
> which she had been represented by counsel, in which
> jurisdiction over [Appellant] had never been contested,
> and wherein [Appellant] did not pursue the complaints
> which [Appellant] has sought to raise collaterally in
> this ejectment action." (Trial Court Opinion at 4). The
> record supports the trial court's analysis.
>
> Unlike in <u>Meritor Mortg. Corp.-E</u>, Appellant does not
> advance a defective service argument or otherwise
> explain why the mortgagee's alleged failure to comply
> with certain federal regulations renders the sheriff's
> sale void, such that Appellant can collaterally attack
> the mortgage foreclosure at this juncture. Consequently,

the trial court properly declined to grant Appellant's
request for a stay of execution.

1 Source Prop. Serv. LLC, 284 A.3d at 890 (footnote and citation
omitted); see also Tolerico v. Munley, 242 A.3d 402 (table), 402
(Pa. Super. Ct. 2020).

On point is the decision of the Court of Common Pleas of
Philadelphia County, in a case such as this, where one party
holds the sheriff's sale deed while the other party is in actual
possession. As the court explained:

> Here, the Sherriff's [sic] Deed establishes [plaintiff]
> purchased and now owns the property . . . Although
> [Defendant] claims that the Property was not properly
> posted, she failed to plead this allegation with
> specificity and further failed to timely challenge the
> Sale. [Defendant] does not dispute that she is in
> possession of the property. Thus, there is no doubt
> whatsoever that [plaintiff], being out of possession yet
> having an immediate right to possession, is entitled to
> judgment in Ejectment, and a trial would be a futile
> exercise.

Taylor, 2012 WL 4108760; see also FMMB Big Lakes, LLC v. Croce,
No. 1047 WDA 2019, 2020 WL 974413, at *2 (Pa. Super. Ct. Feb.
28, 2020), rearg. denied, 227 A.3d 451 (Pa. Super. Ct. May 7,
2020) ("An ejectment action is collateral to the mortgage
foreclosure proceedings and the ensuing sheriff's sale. The only
relevant issue in this ejectment action is whether [plaintiff]
is the record owner of the property with the right to
possession. It is beyond argument that [defendant] does not have
title to the real estate in question, and . . . [n]one of her

16

grievances is [sic] relevant to this ejectment action, which merely involves whether [plaintiff] owns the property and is out of possession."); Fed. Nat'l Mortg. Ass'n, 834 A.2d at 646 (adopting the trial court's finding that "[plaintiff] has title by virtue of the Sheriff's Deed Poll, and has therefore established its superior title to the property currently occupied by [defendant]"); Fannie Mae v. Scarborough, No. 02669, 2012 WL 6051098, at *4 (Pa. Ct. Com. Pl. May 23, 2012) ("A party may obtain the right to possess a property via sheriff's sale. When a party asserts a possessory interest in real property based on a successful bid and purchase at a sheriff's sale, the right to immediate possession accrues when the sheriff's deed is acknowledged and recorded.").

Here, the Mazzas have not and cannot establish any of the few defenses to ejectment under Pennsylvania law. The foreclosure judgment rendered in favor of BNYM is not void. The Property is located in Pennsylvania, Pennsylvania's state courts have primary jurisdiction over foreclosures of Pennsylvania property, Pa. R. Civ. P. 1141-1150, the Mazzas were served with and participated in the foreclosure, and the Mazzas' appeal of the foreclosure was unsuccessful.

Nonetheless, the Mazzas argue that BNYM's foreclosure judgment is void because the mortgage assignment to BNYM was an assignment into a trust after the trust was closed, and

therefore, not valid. See Defs.' Resp. 7, ECF No. 57. Even if the Mazzas had offered any factual support for this allegation, which they have not, courts have concluded that a breach of a pooling and servicing agreement (PSA) does not affect negotiation or transfer of loan notes and mortgages into trust, and that a borrow of a loan included in a trust has no standing to raise an alleged violation of the PSA because they are not parties to the trust contract.[7] Courts in this district have found the same:

> In the past two (2) years, numerous courts have held that a borrower lacks standing to challenge a securitized trust's authority to enforce a loan note and

---

[7] See, e.g., Correia v. Deutsche Bank Nat'l Trust Co., 452 B.R. 319, 324 (B.A.P. 1st Cir. 2011) (borrower lacked standing to challenge the mortgage's assignment claim under the PSA); Nachar v. PNC Bank, N.A., 901 F. Supp. 2d 1012, 1019 (N.D. Ohio 2012) ("[C]ourts that have considered the argument that a borrower can claim third-party beneficiary status to [a PSA], and premise a breach of contract or promissory estoppel claim on [a PSA], have rejected that argument."); Kelly v. Deutsche Bank Nat'l Trust Co., 789 F. Supp. 2d 262, 267-68 (D. Mass. 2011) (borrower failed to show that he was either a party or a third party beneficiary to the PSA and therefore could not raise an alleged breach of the PSA as a defense to foreclosure); Citibank, N.A. v. Wilbern, No. 12 C 755, 2013 WL 1283802, at *4-6 (N.D. Ill. Mar. 26, 2013) ("[Defendants' concern regarding] the propriety of the assignment of [their] loan under the terms of the [PSA] . . . if valid, does not affect Citibank's right to proceed with the foreclosure; a trust's own violations of the Internal Revenue Code might be a matter of concern for the trust's investors, but they do not serve as a basis for opposing another party's foreclosure attempts."); Serra v. Quantum Serv. Corp., No. 11-11843, 2012 WL 3548037, at *12-13 (D. Mass. Aug. 5, 2012), aff'd, 747 F.3d 37 (1st Cir. 2014) ("[Borrower] has presented no argument in support of the contention that if the assignment did violate the governing trust's documents, this would render the assignment invalid.").

mortgage based on purported violations of the underlying PSA. Most of the reported decisions arise in cases in which the borrower initiated a lawsuit against the mortgagee seeking a determination that it lacked authority to enforce the subject note and mortgage or wrongfully foreclosed on the mortgage. Other decisions emanate from bankruptcy proceedings in which the debtor either initiated affirmative adversary proceedings against the mortgagee raising similar claims, objected to the mortgagee's proof of claim, or challenged the mortgagee's right to seek relief from the automatic stay. Whatever the context, it appears that a judicial consensus has developed holding that a borrower lacks standing to (1) challenge the validity of a mortgage securitization or (2) request a judicial determination that a loan assignment is invalid due to noncompliance with a pooling and servicing agreement, when the borrower is neither a party nor a third party beneficiary of the securitization agreement, i.e., the PSA.

In this case, based on the facts before me, I come to the same conclusion. Because the Note is a negotiable instrument and that BNYM is the holder of the instrument, the Debtor lacks standing to assert that BNYM cannot enforce the Note due to an alleged failure to comply with the PSA.

In re Walker, 466 B.R. 271, 284-85 (Bankr. E.D. Pa. 2012)

(citations omitted). Similarly,

Courts have consistently rejected attempts by third parties to enforce the terms of securitization agreements to which they are not a party. Wittenberg v. First Independent Mortgage Company, Civ. No. 10-58, 2011 WL 1357483 (N.D. W. Va. Apr. 11, 2011) (finding that mortgagor may not invoke pooling and servicing agreement because she was not an intended beneficiary of the agreement); Anderson v. Countrywide Home Loans, Civ. No. 10-2685, 2011 WL 1627945, at *4-5 (D. Minn. Apr. 8, 2011) (recognizing that compliance with a pooling and servicing agreement is not relevant to whether the chain of assignment was effective); Densmore v. Litton Loan Servicing, L.P. (In re Densmore), 445 B.R. 307, 310 (Bankr. D. Vt. 2011) ("the question of whether the loan in this case is listed in the PSA is immaterial to the question of whether Litton may enforce the note.").

_In re D'Angelo_, No. 11-14926, 2012 WL 27541, at *2 n.2 (Bankr. E.D. Pa. Jan. 5, 2012), _aff'd_, 479 B.R. 649 (E.D. Pa. 2012). Accordingly, the foreclosure judgment is not void.[8]

Nor do the Mazzas have superior title to the Property. The Mazzas argue that "[i]n the instant action there was a sheriff sale that was rescheduled and defendants contend not receiving proper notice if [sic] the new sheriff sale date." _See_ Defs.' Resp. 13. Rule 3129.3(b)(1) of the Pennsylvania Rules of Civil Procedure provides:

> If the sale is stayed, continued, postponed or adjourned to a date certain within one hundred thirty days of the scheduled sale, notice of which sale was given as provided by Rule 3129.2, and public announcement thereof, including the new date, is made to the bidders assembled at the time and place fixed for the sale, no new notice as provided by Rule 3129.2 shall be required, but there may be only two such stays, continuances, postponements or adjournments within the one hundred thirty day period without new notice.

The Mazzas do not assert that a public announcement was not made the day of the originally scheduled sheriff's sale. Nor do they assert that more than two sale

---

[8] Relatedly, the Mazzas argue that the mortgage assignment to BNYM "was ineffective or invalid since the assignment was not executed by a [sic] individual as a nominee for MERS. MERS per the mortgage/note was solely in a nominee role regarding transfer or assignment and since assignment was not effectuated there was no transfer of the mortgage/note upon which the foreclosure complaint was based." _See_ Defs.' Resp. 7, ECF No. 57. The Mazzas attached only a copy of the assignment, not the mortgage, which is not of the ordinary and dated before the filing of foreclosure.

postponements occurred within 130 days from the original
sale date.

Given that the Mazzas cannot point to a genuine issue of
material fact and that BNYM has shown it is entitled to judgment
as a matter of law, summary judgment will be granted in favor of
BNYM and against the Mazzas.[9]

---

[9] The two remaining motions are the Mazzas' motion to vacate and
motion for discovery. The Mazzas request that the Court vacate
its October 28, 2022 Order requiring BNYM to file a motion for
summary judgment and strike BNYM's motion for summary judgment
pursuant to "Rule 60a(b)" (sic). See Mot. to Vacate, ECF No. 55;
Order for Summ. J., ECF No. 48. The motion lacks support and
merit. At the September 21, 2022 hearing, the Court asked BNYM
if it was ready to move for summary judgment and orally
requested that BNYM file the motion within fifteen days.
However, the court did not provide for such a deadline in the
written order that it entered following the hearing. Thereafter,
on October 28, the Court entered an order fixing the deadline
for the filing of summary judgment. Fixing a new deadline for
the filing of summary judgment was not a "mistake" and does not
warrant that the order be vacated pursuant to Rule 60(b)(1). In
any event, the Mazzas responded in opposition to the summary
judgment motion and therefore suffer no prejudice.

The Mazzas also request additional discovery. After ten years of
litigation, the Mazzas now seek the original mortgage and note,
production of the underwriting files and transfers by and
between banks, servicers, and MERS, depositions and written
proof the alleged assignments were executed by individuals
without capacity to sign assignments as assistant secretaries of
MERS. However, none of the information the Mazzas request is
relevant to this ejectment action--instead, the Mazzas appear to
be seeking this information to make collateral attacks or for
purposes of delay. As noted above, the defenses to an ejectment
action are limited, and the Mazzas have not and cannot establish
those defenses. Because the discovery sought is irrelevant to
the ejectment action, and the Mazzas have had years in different
courts to discover said information yet waited until around a

**IV.   CONCLUSION**

For the reasons outlined herein, BNYM's motion to dismiss counterclaims and motion for summary judgment. Further, the Mazzas' additional motions to vacate, for discovery, and for an extension of time will be denied.

An appropriate order follows.

---

week until their response to summary judgment was due to request this discovery, the motion will be denied.