IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON | : | CIVIL ACTION |
| | : | |
| v. | : | No. 17-5453 |
| | : | |
| MARK D. MAZZA and LISA A. MAZZA | : | |

## **ORDER**

AND NOW, this 21st day of November, 2024, upon consideration of pro se Defendants Mark D. Mazza and Lisa A. Mazza's "Motion to Vacate Pursuant to FRCP 60(b)(4)" (ECF No. 95), it is ORDERED the Motion is DENIED.[1]

The Clerk of Court is DIRECTED to mark this case CLOSED.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

[1] On December 14, 2017, pro se Defendants Mark and Lisa Mazza removed this ejectment case from state court. ECF No. 4. On May 24, 2023, the Honorable Eduardo C. Robreno entered judgment in this case in favor of Plaintiff Bank of New York Mellon. ECF No. 76. On November 18, 2024, Defendants filed this motion to vacate the judgment for lack of subject matter jurisdiction. ECF No. 95. Defendants assert that the amount in controversy was not met when the complaint was filed. *Id*. at 2-3 (ECF Pagination).

A party may remove a civil action from state court to federal court if the district court has original jurisdiction over the action and the party removing the action does so within thirty days after receipt of the initial pleading. 28 U.S.C. §§ 1441, 1446. District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" citizens of different states. 28 U.S.C. § 1332(a)(1). There is no dispute here that diversity of citizenship exists. The sole issue, according to Defendants, is the amount in controversy.

In an ejectment case, the amount in controversy is determined by the value of the property. *See Florham Vill. LLC v. New Jersey CVS Pharmacy LLC*, Civ. No. 15-8758, 2016 WL 3965203 at *2-3 (D.N.J. July 21, 2016); *Byler Mgmt. Co, LLC v. Bulletproof Enterprises, Inc.*, Civ. No. 10-0632, 2010 WL 2431823 at *3-4 (M.D. Pa. June 14, 2010). Attached to the complaint is a Pennsylvania Department of Revenue document reporting the value of the property at the center of this dispute. Complaint, ECF No. 8-2 at 7. The document reports that the fair market value of the property is $1,484,292 and the "county assessed value" is $785,340. *Id*. Either number exceeds the $75,000 requirement. Accordingly, Defendants' motion is denied.